JOHN DEN *ex dem.* SAMUEL MICKLE *against* JOHN DUNHAM and JOHN RAMBO.

The transcript when once sealed and certified by the clerk, need not in ordinary cases be altered in date or re-sealed, though the trial does not take place at the first circuit after the transcript is made out and certified; but the same certificate will answer for the trial of the cause at any future term.

EWING, C. J. In this case the plaintiff was non-suited at the Circuit, for want of confession of lease, entry and ouster. The defendants have moved that the judgment be not, according to the stipulation of the consent rule, entered against the casual ejector, but that the non-suit be set aside, because the certificate of the clerk of this court subjoined to the transcript, that the same contains a true copy of the declaration and pleadings in the cause, bears date prior to the next preceding Circuit Court of the county in which the venue is laid. This objection to the date of the certificate, or perhaps more correctly speaking, to the time of sealing

the transcript, is founded on the practice of the Court of *K. B.* in England, and on the ancient practice of this court prior to our statute passed in 1799, and now in force, relative to the Circuit Court. The change, however, which that statute introduced in the mode of making up the *Nisi Prius* record or transcript, removed the cause and reason of the practice referred to, and, therefore, saves the certificate in this case from the force of the objection raised against it.

A view of the English practice, compared with our statute, will lead satisfactorily to this conclusion.

The proceeding whereby the issue to be tried, is transmitted from the Court of King's Bench to the Court of *Nisi Prius,* which is called the *Nisi Prius* record, and is equivalent to what we denominate the transcript, is made up in the former court in the following manner, and contains the following matters. In the first place, a *placita* which is always of the term in which issue is joined. Then a copy of the pleadings to issue, preceded by a memorandum, or entry of the time of the filing of the bill or declaration. Then an award of the venire. Then another *placita* of the term preceding the Assize or *Nisi Prius* Court, at which the cause is intended to be tried, and which of course will be precisely similar to the first *placita,* where the cause is to be tried in the vacation next after the joining of issue. Then follows the *jurata,* as it is called, or a clause setting forth the time and place where the issue is to be tried, and the time and place at which the jury process is made returnable, and is to this effect : " The jury between A. B. plaintiff, and C. D. defendant, of a plea of trespass on the case, (or whatever the form of action may be) is respited before our Lord the King at Westminster, until —— (the return day of the *distringas juratores,*) unless his Majesty's justice assigned to take the Assizes, in and for the county of —— shall first come on —— (the day of Assizes) at —— (the place where they are to be held,) in the said county, according to the form of the statute," &c. And then is added the

*sciendum*, which is an entry of the time of delivery to the sheriff of the jury process. When the *Nisi Prius* record is thus prepared, which is done by the attorney, he carries it to the *Nisi Prius* office, where it is examined, sealed and passed. The *jurata*, as already remarked, is to state the time and place of trial, and the time and place of the return of the jury process, and so rigorous is the rule of practice in this respect, that in the case of *Crowden* v. *Rooke*, 2 *Wils.* 144, the record was made up for trial at a certain time, the cause did not then come on to be tried, the plaintiff's attorney omitted to have the *jurata* altered, and the cause being tried at a future day, it appeared on the face of the *jurata* and *postea*, that the trial was had after the day of the return mentioned in the *jurata*, and for this reason the verdict was set aside. Hence if it happen that the cause is not tried at the time first mentioned in the *jurata*, it becomes necessary, when it is to be brought on again for trial, to have the day of *Nisi Prius* and the return day of the distringas erased, and the new day of trial and return inserted; and, of consequence, to have the record again examined, sealed and passed at the *Nisi Prius* office.

Our mode, however, of making up the *Nisi Prius* record or transcript, is much more simple, and the matters to be contained in it are much fewer in number. The statute directs " that when a cause is to be tried at a Circuit Court, a transcript of the declaration and pleadings in the cause, with a proper *placita*, and nothing more, shall be made and sent under the seal of the Supreme Court to the said Circuit Court." *Rev. Laws* 454. A *jurata* is neither requisite nor admissible. The time and place at which the issue is to be tried, are not set forth on the face of the transcript. No incongruity can therefore exist, as in the case of the *Nisi Prius* record, between it and the *postea* in respect to the time of trial. Hence the transcript, if the trial does not take place when at first expected, needs no alteration to prepare it for trial at a future day, and therefore when once

sealed, needs not again to be re-sealed. When once prop-
erly made out and sealed, it contains all that is requisite
whensoever the trial may occur, unless when some matter
happens after the joining of issue; or after the transcript has
been made out, which for the sake of regularity or congruity
ought to appear on the face of the transcript. Thus, it is
said, that if one of several plaintiffs or defendants dies after
issue joined, the cause of action surviving, and a suggestion
is made, that a proper entry should appear on the transcript
so as to direct the judge at the Circuit, between whom the
issue is to be tried; and so of other matter. And hence it
has been argued that the certificate of the transcript should
bear date, and be sealed subsequent to the last preceding
term of this court. But admitting that these matters ought
to be inserted in the transcript, no other consequence results
than that the plaintiff should cause his transcript to be made
out after they have occurred, so as to contain them, or, if
once made out, and the cause not being tried, they after-
wards occur, he may then have occasion to procure another
transcript, and in this respect as in any other, if the tran-
script omits what it ought to contain, he may expose his
verdict to jeopardy. But it by no means follows, when no
such extraordinary occurrence has taken place, that the
transcript may not be certified and sealed at any time after
issue joined, or that the cause being once carried to trial, the
plaintiff is obliged to procure another, with the exception of
the date, exactly like the former, or to perform the idle task
and incur the useless expense of simply changing the date
of the first.

Motion to set aside non-suit refused.